*E-FILED 11-18-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANET L. SAVAGE,<br><br>    Plaintiff,<br>  v.<br><br>MTF RELOCATION, INC. dba BEST LOCAL RELOCATION, dba BEST WEEK RELOCATION, dba ADVANCED RELOCATION dba ASAP RELOCATION, dba MTF RELOCATION MOVING AND STORAGE,<br><br>    Defendants.<br>_____/ | No. C10-04216 HRL<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR AN ORDER ALLOWING SERVICE BY PUBLICATION**<br><br>[Re: Docket No. 14] |

    Plaintiff Janet Savage sues for alleged violations of the Carmack Amendment (49 U.S.C. § 14704), RICO violations, and fraud. Her claims stem from her relocation from California to Oklahoma. She claims that, after defendants packed up her things, they illegally inflated the original price estimate for the move and then kept her possessions when she could not pay the money demanded.

    Plaintiff was given leave to proceed *in forma pauperis*. The initial summons was returned unexecuted because the business was unknown at the address provided. Several weeks ago, the Clerk's Office reissued the summons with a different address in Santa Clara, California, which plaintiff says she obtained from the business record on file with the California Secretary of State. Because service of that summons has not yet been effected, plaintiff now

1  moves for leave to serve defendants by publication.

2  Service upon an individual defendant may be effected in any judicial district of the
3  United States pursuant to the law of the state in which the district court is located or in which
4  service is effected. *See* FED. R. CIV. P. 4(e)(1). Service by publication is permitted under
5  California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

CAL. CODE CIV. PROC. § 415.50(a)(1).

Even assuming, without deciding, that plaintiff's complaint states a viable claim for relief, the court does not find that service of publication is appropriate, at least at this juncture. "Because of due process concerns, service by publication must be allowed only as a last resort." *Duarte v. Freeland*, No. C05-2780EMC, 2008 WL 683427 *1 (N.D. Cal., Mar. 7, 2008) (internal quotations and citations omitted). Due process of law generally requires "notice, reasonably calculated, under all the circumstances, to appraise interested parties of pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950). Although extraordinary efforts are not required, a plaintiff must make reasonably diligent efforts to locate a defendant. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n. 4, 103 S. Ct. 2706, 77 L.Ed.2d 180 (1983). "The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that 'all myriad . . . avenues' have been properly exhausted to warrant service by publication." *Duarte*, 2008 WL 683427 at *1 (quoting *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333, 150 Cal.Rptr. 855 (1978)).

Here, there is no indication that service has been attempted at the new address provided by plaintiff. Plaintiff asserts that defendants cannot be served in any other manner. On the record presented, however, it is not apparent that she has made a reasonably diligent search

which would warrant the last-resort measure of service by publication.  Accordingly, plaintiff's motion is denied without prejudice.

SO ORDERED.

Dated:   November 18, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-04216-HRL Notice mailed to:

Janet L. Savage
P.O. Box 524
Lawton, OK 73502-0524

    Pro Se Plaintiff